(Nos. 63869, 64172 cons)

IKE MOORE, Plaintiff, v. EARL E. STRAYHORN, Judge, *et al.*, Defendants.—JAMES TRIBBLETT, Petitioner, v. EARL E. STRAYHORN, Judge, *et al.*, Respondents.

*Opinion filed December 19, 1986.*

James J. Doherty, Public Defender, of Chicago (Kathleen M. Pantle and Ronald P. Alwin, Assistant Public Defenders, of counsel), for the plaintiff.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chicago, and Thomas V. Gainer, Jr., and Peter D. Fischer, Assistant State's Attorneys, of counsel), for defendants.

James J. Doherty, Public Defender, of Chicago (Kathleen M. Pantle, Assistant Public Defender, of counsel), for movant.

Prof. Richard Kling, of Chicago, for respondents.

JUSTICE SIMON delivered the opinion of the court:

Police arrested Ike Moore on January 2, 1986. He never posted bond, and so he remained jailed until he was convicted and sentenced for aggravated battery on July 17, 1986. A judge of the circuit court of Cook County sentenced Moore on that date to 30 months' probation, with six months to be served in jail as a condition of that probation. The sentencing order provided that Moore was not to be given credit for time already served.

Within 30 days Moore applied to this court for leave to file a complaint for an original writ of *mandamus* or prohibition or a supervisory order directing the circuit judge to vacate that portion of the sentence which denied Moore credit for time served, and we granted leave to file such a petition. We now conclude that leave to file that petition was improvidently granted because Moore should have been left to his alternative remedy of appealing the sentencing order to our appellate court. Applications to this court for original actions of *mandamus* and prohibition or for supervisory orders should not be allowed as a way of circumventing the normal appellate process. *People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 315; *International Harvester Co. v. Goldenhersh* (1981), 86 Ill. 2d 366, 373.

However, we did grant Moore leave to file a complaint in this court, and this complaint has been pending for approximately three months, during which time we have received briefs and heard oral argument. Our failure to dispose of this action, therefore, would waste judicial resources as well as be unjust to Moore, because his time to appeal has now expired. For these reasons, rather than dismissing the complaint and denying relief, we exercise our discretionary supervisory authority to resolve this matter.

Moore raises the issue in this court of his entitlement to credit for the time he was incarcerated while awaiting trial. The State has vigorously contended that *mandamus* is not a proper remedy in this case, but on the question of whether Moore is entitled to credit for time served the State in its brief merely states that it is "aware of no authority allowing a trial judge to deny a defendant credit for time served while awaiting trial. *People v. Scheib*, 76 Ill. 2d 244, 390 N.E.2d 872 (1979)." In addition, during oral argument the State conceded that section 5—8—7(b) of the Unified Code of Corrections, which provides that "[t]he offender shall be given credit *** for time spent in custody as a result of the offense for which the sentence was imposed" (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—7(b)), requires that credit be given for all time served in jail while a defendant is awaiting trial and that Moore was entitled to that credit. Based on that concession and in view of the holdings of this court in *People v. Scheib* (1979), 76 Ill. 2d 244, and in *People ex rel. Herring v. Woods* (1967), 37 Ill. 2d 435, in the exercise of our supervisory authority we remand this case to the circuit court with directions to vacate that portion of its July 17, 1986, order denying Moore "credit for time already served."

An application for a supervisory order involving a factual situation similar to Moore's is currently pending in this court under the title of People *ex rel.* James Tribblett v. Hon. Earl E. Strayhorn and Philip Hardman, Director, Cook County Department of Corrections, No. 64172. As in *Moore* the defendant was sentenced to 30 months' probation with six months to be served as a condition of probation and no credit to be given for time he served while awaiting trial. The State's Attorney has conceded in this court that he cannot support the circuit court order denying defendant Tribblett credit for time served and has withdrawn as counsel for the circuit

judge who entered the order. Considering the conclusion we have reached in *Moore* with respect to the propriety of an original action in this court, we refrain from dealing with Tribblett's application on its merits. However, in the exercise of our supervisory authority and on our own motion, cause No. 64172 is consolidated with cause No. 63869. In view of our disposition of *Moore* and in the interest of uniformity and having in mind the holdings of this court in *Scheib* and in *Woods*, cause No. 64172 is remanded by supervisory order to the circuit court with directions to reconsider that portion of its order denying Tribblett credit for time served in custody.

The mandates in these consolidated cases shall issue forthwith.

*Supervisory orders entered.*