(No. 90114.—

THE PEOPLE *ex rel.* JOSEPH E. BIRKETT, State's Attorney of Du Page County, Petitioner, v. HON. GEORGE J. BAKALIS, Judge of the 18th Judicial Circuit, *et al.*, Respondents.

*Opinion filed June 21, 2001.*

511

THOMAS, J., dissenting.

Joseph E. Birkett, State's Attorney, of Wheaton (Margaret M. Healy and Vincent Mancini, Assistant State's Attorneys, of counsel), for petitioner.

John F. Donahue, of the Law Offices of Donahue, Sowa, Bugos & Brown, of Lisle, for respondent Marilyn Lemak.

CHIEF JUSTICE HARRISON delivered the opinion of the court:

Marilyn Lemak is awaiting trial in the circuit court of Du Page County for the murder of her three children. The State has given notice that it will seek the death penalty. Lemak has given notice that she will assert an insanity defense.

In preparing their client's defense, Lemak's attorneys have sought leave to take the depositions of certain witnesses, including Lemak's husband, David. Following a hearing, the circuit court granted the motion as to David. The State's Attorney of Du Page County then petitioned this court for a writ of *mandamus* or, alternatively, for a supervisory order (155 Ill. 2d Rs. 381, 383) to compel the circuit court to vacate its order.

The circuit court stayed its order pending our review. We subsequently denied the State's petition for a writ of *mandamus,* but ordered briefing on the State's motion for a supervisory order and set the matter for oral argument. Briefing has now been concluded and oral argument has been presented. For the reasons that follow, the motion for a supervisory order is denied.

Supervisory orders are granted by our court only in limited circumstances. Their predominate use is to address issues which are brought to our attention in the context of petitions for leave to appeal, but which do not warrant full briefing, oral argument and issuance of an opinion. The most typical example of this is when a new opinion is released by this court or by the Supreme Court of the United States which appears to be dispositive of other cases pending before us on petitions for leave to appeal. Because issuance of additional opinions addressing the same legal questions in each of the pending cases would contribute little to this state's body of legal precedent, our normal practice is to exercise our supervisory authority to vacate the lower court's judgment and

remand for reconsideration in light of the new decision. See, *e.g.*, *People v. Harden*, 191 Ill. 2d 545 (2000) (petition for leave to appeal denied but court exercised supervisory authority to vacate judgment of the appellate court and remand cause to the appellate court with directions to reconsider its judgment in light of *People v. Diaz*, 192 Ill. 2d 211 (2000)).

Beyond our leave to appeal docket, supervisory orders are disfavored. As a general rule, we will not issue a supervisory order unless the normal appellate process will not afford adequate relief and the dispute involves a matter important to the administration of justice (see *People ex rel. Foreman v. Nash*, 118 Ill. 2d 90, 97-99 (1987)) or intervention is necessary to keep an inferior tribunal from acting beyond the scope of its authority (*People ex rel. Daley v. Suria*, 112 Ill. 2d 26, 38 (1986)).

When it initially sought our review, the State argued that the circuit court had no authority to order the deposition of Lemak's husband. That argument, however, was premised on the law as it existed prior to recent rule changes promulgated by our court. On March 1, 2001, we enacted a comprehensive set of new rules governing capital cases, including a rule which expressly authorizes circuit judges to allow parties to take discovery depositions of any person disclosed as a witness. 188 Ill. 2d R. 416(e). There is no dispute that Lemak's husband is such a person.

Our court has expressly held that the rule permitting discovery depositions "shall be effective immediately" unless their application "in a particular case pending at the time the rule becomes effective would not be feasible or would work an injustice, in which case former procedures would apply." 188 Ill. 2d R. 416. There is no possible basis for invoking that exception here. The proceedings remain at the pretrial stage, and no legally cognizable injustice will result if the deposition of Le-

mak's husband proceeds as ordered by the court and as permitted by the new rule.

Because the discovery deposition of Lemak's husband is permissible under the new rule, the question of whether it could also have been authorized under the law as it existed prior to our recent amendments is now moot. That being so, there is no reason for us to proceed. Just as supervisory orders may not be used as a mechanism for rendering advisory opinions (*People ex rel. Partee v. Murphy*, 133 Ill. 2d 402, 412 (1990)), our court will not exercise our supervisory power to resolve legal questions which have become moot.

Despite the mootness of its claim that the deposition of Lemak's husband was not authorized under the old law, the State contends that intervention by our court is still appropriate because the trial court's decision to allow the deposition is improper even under the new rule. Under the new rule, discovery depositions are not permitted as a matter of right. A party seeking to take a deposition must obtain "leave of court upon a showing of good cause." The State's argument is that the circuit court should not have granted leave in this case because Lemak's lawyers did not make a sufficiently compelling showing of good cause to justify the intrusion on the deponent, who was the victims' father.

The new rule on discovery depositions lists factors to be considered by the court in considering whether to allow a deposition. They are:

> "the consequences to the party if the deposition is not allowed, the complexities of the issues involved, the complexity of the testimony of the witness, and the other opportunities available to the party to discover the information sought by deposition."

The transcript of the hearing on Lemak's motion to depose her husband indicates that the circuit court considered these factors in making its decision. The transcript also reflects sensitivity by the trial court to

the personal difficulty Lemak's husband might experience in submitting to interrogation by defense counsel.

While the State may not agree with the decision the circuit court ultimately reached, this is not the type of situation where the exercise of our supervisory authority would be appropriate. Just as *mandamus* will not lie under ordinary circumstances to regulate discovery or even to correct abuses of discretion by trial courts in matters of discovery, supervisory relief is not available in such circumstances either. We will invoke our supervisory authority only under exceptional circumstances. *Statland v. Freeman*, 112 Ill. 2d 494, 497 (1986). No such circumstances are presented by the discretionary discovery order entered by the circuit court in this case.

For the foregoing reasons, the motion of the State for a supervisory order is denied, and this cause is remanded to the circuit court for further proceedings.

*Motion denied;*
*cause remanded.*

JUSTICE THOMAS, dissenting:

I agree with the State that the trial court's decision to allow the deposition of David Lemak was improper even under the new rules governing capital cases. In the committee comments to new Rule 416(e) (188 Ill. 2d R. 416(e), Committee Comments, at lxxv), we note that the decision to permit a deposition is committed to a trial court's sound discretion, and further note that the need to depose a potential witness will depend upon the facts of each case. Based upon the facts of this case, I believe that the trial court abused its discretion in ordering the deposition of David Lemak.

As the State argued in support of its motion for a supervisory order, David Lemak, as the father of the three murdered children, was a victim within the meaning of the Rights of Crime Victims and Witnesses Act (725 ILCS 120/3(a)(3) (West 2000)), and the Illinois Con-

stitution Victim's Rights amendment (Ill. Const. 1970, art. I, § 8.1). Consequently, the right of David Lemak as a crime victim to be treated with fairness and respect for his dignity and privacy (Ill. Const. 1970, art. I, § 8.1(a)(1); 725 ILCS 120/2 (West 2000)) should have been weighed against Marilyn Lemak's right to take a deposition pursuant to Rule 416(e).

Among the factors to be considered in determining whether to allow a deposition under new Rule 416(e) are "the consequences to the party if the deposition is not allowed, the complexities of the issues involved, the complexity of the testimony of the witness, and the other opportunities available to the party to discover the information sought by deposition." 188 Ill. 2d R. 416(e)(i). Those factors do not outweigh David Lemak's rights as a crime victim. The State points out that the information sought by Marilyn Lemak through David Lemak's deposition is available to her through the written discovery tendered in this case, including psychiatric reports and police reports of interviews with David Lemak. Because that information is available to Marilyn, there are no consequences to her if David's deposition is not allowed. Further, Marilyn has not shown that the complexity of the issues involved or the complexity of the testimony of David support the taking of his deposition.

In addition, it is clear from the committee comments to new Rule 416(e) that David Lemak is not the type of witness contemplated by the rule. While illustrative only, the comments note that depositions would be more likely for certain types of witnesses, including jailhouse informants, witnesses who have criminal charges pending, witnesses who have not completed their sentence in a criminal case, witnesses who testify for the State by agreement, eyewitnesses, and expert witnesses. Although that list in not intended to be exclusive, that list does not lend support for the trial court's order in this case.

A reviewing court will find that a trial court abused its discretion only where the trial court's ruling is arbitrary, unreasonable, fanciful, or where no reasonable person would take the view adopted by the trial court. *People v. Hall*, 195 Ill. 2d 1, 20 (2000). I believe this is a case where no reasonable person would take the view adopted by the trial court. Moreover, although supervisory relief generally is not available to correct an abuse of discretion by the trial court in discovery matters, the instant case presents an exceptional circumstance which would support this court's exercise of supervisory authority. I also note that although the majority observes that supervisory orders may not be used as a mechanism for rendering advisory opinions (196 Ill. 2d at 514), and denies the motion for supervisory order, it nonetheless issues what amounts to an advisory opinion, finding that new Rule 416(e) applies in this case and that the trial court did not abuse its discretion. Given that this case presents the first interpretation and application of new Rule 416(e), and given the potential impact of the trial court's order on the rights of crime victims, I would find that this court's exercise of supervisory authority is appropriate, and would exercise that supervisory authority to vacate the circuit court's order granting Marilyn Lemak's motion to take the deposition of David Lemak.