NOTICE
Decision filed 12/28/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210191-U

NO. 5-21-0191

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| DENNIS CHRISTIANSEN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Montgomery County. |
| | ) | |
| v. | ) | No. 20-MR-12 |
| | ) | |
| EDWARD BURMILA, Judge, and | ) | |
| GLEN AUSTIN, Warden, | ) | Honorable |
| | ) | James L. Roberts, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Because the Montgomery County circuit court did not have jurisdiction to modify the plaintiff's original Will County guilty plea, the Montgomery County circuit court's dismissal is affirmed.

¶ 2    The plaintiff, Dennis Christiansen, appeals *pro se* the dismissal of his complaint for *mandamus* relief wherein he sought an order compelling the judge who accepted his guilty plea to modify his sentence and the warden of the facility where he was incarcerated to comply with said order once modified. We affirm.

1

¶ 3                                    BACKGROUND

¶ 4      In 2015, the plaintiff pled guilty in the circuit court of Will County to home invasion and aggravated identity theft in exchange for a sentence of 13 years' imprisonment for home invasion and a concurrent sentence of 4 years' imprisonment for aggravated identity theft. The Honorable Edward Burmila presided at the guilty plea hearing and imposed the agreed-upon sentence. No posttrial motion or appeal was filed.

¶ 5      In January 2020, the plaintiff filed a complaint for *mandamus* in the circuit court of Montgomery County naming Judge Burmila and Glen Austin, warden of the Graham Correctional Center, as defendants. The plaintiff argued that Judge Burmila's sentencing order was invalid because it required the plaintiff to serve 85% of his 13-year sentence. The plaintiff contended that the relevant sentencing statute, section 3-6-3(a)(2)(iii) of the Unified Code of Corrections (730 ILCS 5/3-6-3(a)(2)(iii) (West 2018)), required a defendant to serve 85% of a sentence for home invasion only if the circuit court had made a finding that the victim had suffered great bodily harm, and that the sentencing court made no such finding. The plaintiff sought an order requiring Judge Burmila to modify the sentence and requiring Austin to follow the modified sentencing order once it was issued.

¶ 6      The defendants filed a joint motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2020)), asserting that the Montgomery County circuit court had no jurisdiction to order Judge Burmila to modify his sentencing order. At the hearing on the motion to dismiss, Judge Burmila's attorney asserted that the Montgomery County circuit court did not have jurisdiction through a *mandamus* action over the judge or the judge's Will County order, as it is a co-equal court, and that the

2

plaintiff should have filed a direct appeal or sought other postconviction relief from the sentencing order. The plaintiff agreed, stating that "at this point I am just going to go ahead and just agree with [opposing counsel]." The circuit court granted the motion to dismiss as to both defendants, finding that it had no authority to order Judge Burmila to revise his sentencing order. This timely appeal followed.

¶ 7                                    ANALYSIS

¶ 8     On appeal, the plaintiff argues that his *mandamus* claim was meritorious because he is currently serving 85% of his 13-year sentence instead of 50% as required by statute, and that the Montgomery County circuit court had jurisdiction because the correctional center in which he was incarcerated is located in Montgomery County and the warden was enforcing the Will County sentence. We disagree.

¶ 9     "*Mandamus* is an extraordinary civil remedy that will be granted to enforce, as a matter of right, the performance of official nondiscretionary duties by a public officer." *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 433 (2007) (citing *Lee v. Findley*, 359 Ill. App. 3d 1130, 1133 (2005)). "*Mandamus* will issue only where the plaintiff has fulfilled his burden (see *Mason v. Snyder*, 332 Ill. App. 3d 834, 840 (2002)) to set forth *every* material fact needed to demonstrate that (1) he has a clear right to the relief requested, (2) there is a clear duty on the part of the defendant to act, and (3) clear authority exists in the defendant to comply with an order granting *mandamus* relief." (Emphasis in original.) *Id.* at 433-34 (citing *Baldacchino v. Thompson*, 289 Ill. App. 3d 104, 109 (1997)). "Because Illinois is a fact-pleading jurisdiction, a plaintiff is required to set forth a legally recognized claim and plead facts in support of each element that bring

3

the claim within the cause of action alleged." *Id.* at 434 (citing *Beahringer v. Page*, 204 Ill. 2d 363, 369 (2003)). "To survive a motion to dismiss ***, a complaint must be both legally and factually sufficient." *Id.* "A writ of *mandamus* is appropriate when used to compel compliance with mandatory legal standards but not when the act in question involves the exercise of a public officer's discretion." *McFatridge v. Madigan*, 2013 IL 113676, ¶ 17.

¶ 10    "The grant of a motion to dismiss for a failure to state a cause of action filed pursuant to section 2-615 or a motion for an involuntary dismissal based on defects or defenses in the pleadings pursuant to section 2-619 of the Code *** [citation] is subject to *de novo* review." *Rodriguez*, 376 Ill. App. 3d at 433 (citing *White v. DaimlerChrysler Corp.*, 368 Ill. App. 3d 278, 282 (2006)). "Where the dismissal was proper as a matter of law, we may affirm the circuit court's decision on any basis appearing in the record." *Id.* (citing *MKL Pre-Press Electronics/MKL Computer Media Supplies, Inc. v. La Crosse Litho Supply, LLC*, 361 Ill. App. 3d 872, 877 (2005)).

¶ 11    Although *mandamus* may be used to prevent a judge from acting where he or she has no authority, or to prevent actions acts beyond the scope of their judicial authority, it cannot be used to " 'correct, direct[,] or control the action of a judge in any matter which he [or she] has jurisdiction to decide' " or " 'to circumvent the normal appellate process.' " *Oliver v. Kuriakos-Ciesil*, 2020 IL App (4th) 190250, ¶ 23 (quoting *People ex rel. Foreman v. Nash*, 118 Ill. 2d 90, 96-97 (1987)). The remedy for judicial error is an appeal, and *mandamus* "will not lie for its correction if the court has jurisdiction of the subject matter and the parties." (Internal quotation marks omitted.) *Bremen Community High School*

4

*District No. 228 v. Cook County Comm'n on Human Rights*, 2012 IL App (1st) 112177, ¶ 14.

¶ 12    Here, Judge Burmila had jurisdiction to hear and accept the plaintiff's guilty plea and to impose sentence.  The Montgomery County circuit court had no authority to order Judge Burmila to modify his sentencing order, and its dismissal of the plaintiff's *mandamus* action was proper.

¶ 13                                    CONCLUSION

¶ 14    For the foregoing reason, the judgment of the Montgomery County circuit court is affirmed.


¶ 15    Affirmed.