**2025 IL 131213**


# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

<hr>

(Docket No. 131213)

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* TRICIA L. SMITH,
State's Attorney of Boone County, Illinois, Petitioner, v.
HONORABLE C. ROBERT TOBIN III *et al.*, Respondents.


*Opinion filed September 18, 2025.*


JUSTICE NEVILLE delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Overstreet, Holder White, Cunningham, Rochford, and O'Brien concurred in the judgment and opinion.


## OPINION

¶ 1 In this case we must interpret sentencing provisions in the Illinois Vehicle Code (625 ILCS 5/1-100 *et seq.* (West 2022)) and in the County Jail Good Behavior Allowance Act (Behavior Act) (730 ILCS 130/1 *et seq.* (West 2022)). We consider two issues. First, where the Vehicle Code authorizes the court to sentence a defendant to "a minimum term of imprisonment of 30 days or 300 hours of

community service, as determined by the court" (625 ILCS 5/6-303(d-1) (West 2022)), does it permit the circuit court to sentence the defendant to a 14-day term of imprisonment? Second, does section 3 of the Behavior Act (730 ILCS 130/3 (West 2022)) permit the circuit court to make the 14-day sentence subject to day-for-day credit for good behavior?

¶ 2        We hold that the Vehicle Code did not permit the circuit court to sentence Casey Ross to 14 days in jail and the Behavior Act did not permit good behavior credit for the sentence because the credit reduced the sentence to a term less than the mandatory minimum sentence. Therefore, we grant the State's motion for a writ of *mandamus*, and we direct the circuit court to vacate its sentence and impose a sentence authorized by the Vehicle Code.

¶ 3                                    I. BACKGROUND

¶ 4        A Boone County jury found Ross guilty of driving while his license was revoked (625 ILCS 5/6-303(A) (West 2022)). Because Ross had two prior convictions for driving with a revoked license, the Vehicle Code required a sentence of "a minimum term of imprisonment of 30 days or 300 hours of community service, as determined by the court." *Id.* § 6-303(d-1). The Behavior Act provides that defendants imprisoned for offenses "for which the law provides a mandatory minimum sentence" cannot be given any good-behavior allowance that "would reduce the sentence below the mandatory minimum." 730 ILCS 130/3 (West 2022).

¶ 5        Judge Robert Tobin of the circuit court found that, because the Vehicle Code permitted a sentence of community service, it did not establish a mandatory minimum sentence and therefore it authorized him to sentence Ross to 14 days in jail, with day-for-day credit for good behavior.

¶ 6        Tricia Smith, the state's attorney of Boone County, filed in this court a motion for leave to file a *mandamus* petition, and this court granted the motion. We now consider the merits of the State's petition.

¶ 7                                   II. ANALYSIS

¶ 8        The State argues that the Vehicle Code did not authorize the circuit court to impose a sentence of 14 days and the Behavior Act did not authorize any credit for good behavior if that credit would reduce the sentence to less than 30 days of imprisonment. The State asks this court to issue a writ of *mandamus* directing the circuit court to enter a sentence that complies with the Vehicle Code and the Behavior Act. Although neither Judge Tobin nor Ross has filed a brief in response to the State's brief, we choose to decide the merits of the State's petition because the straightforward record permits full consideration of the issues. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976); *McHenry Township v. County of McHenry*, 2022 IL 127258, ¶ 48 ("In the absence of an appellee's brief, a reviewing court should address an appeal on the merits where the record is simple and the claimed errors are such that the court may easily decide the issues raised by the appellant.").

¶ 9        We review *de novo* the circuit court's interpretation of the Vehicle Code and the Behavior Act. *People v. Giraud*, 2012 IL 113116, ¶ 6; *People v. Ramirez*, 2023 IL 128123, ¶ 13 ("Our review of matters of statutory interpretation is *de novo*."). When we construe legislation, we aim to give effect to the legislature's intent. *People v. Hartfield*, 2022 IL 126729, ¶ 68; *People v. Molnar*, 222 Ill. 2d 495, 518 (2006) ("When construing a statute, this court's primary objective is to ascertain and give effect to the intent of the legislature."). We look first to the plain meaning of the statute's language, viewed in light of the statute's purpose. *In re Kelan W.*, 2022 IL 128031, ¶ 11; *People v. Palmer*, 2021 IL 125621, ¶ 53 ("[T]he legislature's intent [is] best indicated by the plain and ordinary meaning of the statutory language.").

¶ 10                                  A. Vehicle Code

¶ 11       Section 6-303(a) of the Vehicle Code establishes that, with exceptions not relevant here, "any person who drives *** a motor vehicle on any highway of this State at a time when such person's driver's license *** is revoked or suspended *** shall be guilty of a Class A misdemeanor." 625 ILCS 5/6-303(a) (West 2022).

¶ 12    Section 6-303(d-1) of the Vehicle Code provides, again with exceptions not relevant here, that "any person convicted of a third or subsequent violation of this Section shall serve a minimum term of imprisonment of 30 days or 300 hours of community service, as determined by the court." *Id.* § 6-303(d-1).

¶ 13    We find the language in section 6-303(d-1) of the Vehicle Code unambiguous as applied to Ross. When the circuit court sentences a defendant under subsection (d-1), the circuit court has discretion to decide whether to sentence the defendant to a term of imprisonment or to community service. If the circuit court chooses to sentence the defendant to community service, it must require at least 300 hours of service; if the circuit court chooses to sentence the defendant to imprisonment, it must sentence the defendant to a mandatory minimum term of at least 30 days in jail. Because the circuit court chose to sentence Ross to a term of imprisonment, we find that the unambiguous statutory language in subsection (d-1) required a sentence of at least 30 days. See *id.*

¶ 14                                      B. Behavior Act

¶ 15    We also find the language in the Behavior Act unambiguous as applied to Ross. Section 3 of the Behavior Act provides:

> "The good behavior of any person who commences a sentence of confinement in a county jail for a fixed term of imprisonment *** shall entitle such person to a good behavior allowance, except that *** a person sentenced for an offense for which the law provides a mandatory minimum sentence shall not receive any portion of a good behavior allowance that would reduce the sentence below the mandatory minimum ***." 730 ILCS 130/3 (West 2022).

¶ 16    Because the circuit court chose to sentence Ross to a term of imprisonment, the Behavior Act did not permit a reduction of Ross's sentence for good behavior if the reduction would release Ross before he served the mandatory minimum sentence of 30 days. *People ex rel. Birkett v. Jorgensen*, 216 Ill. 2d 358, 363 (2005) ("The Vehicle Code states that any defendant convicted for a fourth time of driving while his license is revoked or suspended 'must serve a minimum term of imprisonment of 180 days.' 625 ILCS 5/6-303(d-3) (West 2002). *** [T]he requirement ***

- 4 -

constitutes a mandatory minimum sentence." (Internal quotation marks omitted.)).

¶ 17                                    C. Smith

¶ 18        The circuit court relied on *People v. Smith*, 2013 IL App (3d) 110477, as authority for its sentencing decision. A jury found Smith guilty of resisting a police officer and obstructing a police officer and found both acts violated section 31-1(a) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/31-1(a-5) (West 2010)). *Smith*, 2013 IL App (3d) 110477, ¶¶ 3, 11. Subsection 31-1(a-5) provided:

> "In addition to any other sentence that may be imposed, a court shall order any person convicted of resisting or obstructing a peace officer *** to be sentenced to a minimum of 48 consecutive hours of imprisonment or ordered to perform community service for not less than 100 hours as may be determined by the court." 720 ILCS 5/31-1(a-5) (West 2010).

¶ 19        The circuit court, in accord with subsection (a-5), ordered Smith to serve 48 consecutive hours of imprisonment. *Smith*, 2013 IL App (3d) 110477, ¶ 11. The circuit court denied Smith's request for credit for the two days he spent in custody before sentencing. *Id.* The appellate court reversed, finding that section 5-4.5-100(b) of the Unified Code of Corrections (730 ILCS 5/5-4.5-100(b) (West 2010)) required credit for the time spent in custody before sentencing. *Smith*, 2013 IL App (3d) 110477, ¶ 27.

¶ 20        In a special concurrence, Justice Carter argued that the court should apply the Behavior Act, which "prohibits an award of a good-behavior allowance that would reduce a sentence below the mandatory minimum." *Id.* ¶ 33 (Carter, J., specially concurring). He found that Smith spent two days in jail, thereby meeting the mandatory minimum sentence. *Id.* The majority answered that allowing good time credit on the sentence would not reduce the sentence below the mandatory minimum because the "relevant sentencing statute grants the trial court discretion to impose community service as opposed to imprisonment alone. [Citation.] Hence, there is no 'mandatory minimum' and the Behavior *** Act is inapplicable." *Id.* ¶ 29 (majority opinion).

¶ 21    The statement in *Smith* that section 31-1(a-5) does not set a mandatory minimum sentence had no bearing on the appellate court's dispositive holding, that the Unified Code of Corrections required the circuit court to give Smith credit for his presentencing detention. The statement about mandatory minimums qualifies as *obiter dicta*. See *People v. Williams*, 204 Ill. 2d 191, 206 (2003) ("*Obiter dicta* are comments in a judicial opinion that are unnecessary to the disposition of the case."). *Obiter dicta* "as a general rule [are] not binding as authority or precedent within the *stare decisis* rule." *Cates v. Cates*, 156 Ill. 2d 76, 80 (1993).

¶ 22    We disagree with the *dicta* in *Smith* and hold that both section 6-303(d-1) of the Vehicle Code and section 31-1(a-5) of the Criminal Code set mandatory minimum sentences, although both sections make the sentence mandatory only if the court chooses to sentence the defendant to a term of imprisonment. Section 6-303(d-1), like section 31-1(a-5), uses mandatory language. Under the Vehicle Code, a defendant subject to sentencing under section 6-303(d-1) "shall serve a minimum term" (625 ILCS 5/6-303(d-1) (West 2022)); under the Criminal Code of 2012 the "court shall order" a defendant subject to sentencing under section 31-1(a-5) to serve a minimum term (720 ILCS 5/31-1(a-5) (West 2022)). "[B]oth statutes employ the word 'shall,' which this court has construed as a clear expression of legislative intent to impose a mandatory obligation." *People v. O'Brien*, 197 Ill. 2d 88, 93 (2001); see *Schultz v. Performance Lighting, Inc.*, 2013 IL 115738, ¶ 16 ("The use of the word 'shall' generally indicates that the legislature intended to impose a mandatory obligation.").

¶ 23    The *Smith dicta*, and the circuit court here, effectively read the word "shall" out of the statutes. We hold that, because the circuit court chose to sentence Ross to a term of imprisonment rather than community service, the Vehicle Code required a sentence of at least 30 days and the Behavior Act did not permit credit against that sentence for good behavior if the credit would reduce the time served to less than 30 days.

¶ 24                                    D. *Mandamus*

¶ 25    Finally, we must determine whether to issue a writ of *mandamus*. " '*Mandamus* is an extraordinary remedy to enforce, as a matter of right, "the performance of official duties by a public officer where no exercise of discretion on his part is

involved." [Citation.]' " *Cordrey v. Prisoner Review Board*, 2014 IL 117155, ¶ 18 (quoting *Lewis E. v. Spagnolo*, 186 Ill. 2d 198, 229 (1999)). "The remedy of *mandamus* *** permits the State to challenge criminal sentencing orders where it is alleged that the circuit court violated a mandatory sentencing requirement." *People v. Castleberry*, 2015 IL 116916, ¶ 27; *People v. Price*, 2016 IL 118613, ¶ 17 ("a reviewing court may no longer, *sua sponte*, correct a statutorily nonconforming sentence [citation], [and] the State may no longer seek to correct such a sentence on direct review but must seek a writ of *mandamus* to do so"). Because the circuit court's sentencing order violates mandatory sentencing requirements, " ' "*mandamus* will lie to compel compliance with them." ' " *Jorgensen*, 216 Ill. 2d at 362 (quoting *People ex rel. Baker v. Cowlin*, 154 Ill. 2d 193, 196 (1992), quoting *People ex rel. Daley v. Limperis*, 86 Ill. 2d 459, 466 (1981)).

¶ 26                                III. CONCLUSION

¶ 27        In sum, because the circuit court sentenced Ross to a term that did not comply with the mandatory sentencing requirements in the Vehicle Code and the Behavior Act, we vacate the circuit court's sentencing order and issue a writ of *mandamus* directing the circuit court to resentence Ross in compliance with the Vehicle Code and the Behavior Act.

¶ 28        Writ awarded.