KIRSTEN FLETCHER, Plaintiff-Appellant, v. JOHN E. MARSHALL III,
Defendant-Appellee.

Second District    No. 2—92—1352

Opinion filed April 15, 1994.

Brian C. Donegan, of Diambri & Caravello, of Highwood, for appellant.

Alan Barinholtz, of Barinholtz, Holzman & Gault, of Chicago, for
appellee.

JUSTICE BOWMAN delivered the opinion of the court:

After a bench trial, the trial court entered a judgment in favor of
defendant, John E. Marshall III. Plaintiff, Kirsten Fletcher, appeals,
claiming that the trial court erroneously found that defendant was
not liable for rent that plaintiff paid on defendant's behalf because
defendant was a minor when he signed the lease and therefore was
not bound by the lease. We reverse and remand.

Plaintiff's small claims complaint alleged that "defendant is
indebted to plaintiff in the sum of $2,500 plus court costs for contri-
bution toward rent." Plaintiff attached to the complaint a copy of a
lease dated April 29, 1991, and signed by plaintiff and defendant. The
lease states that plaintiff and defendant agreed to rent an apartment
in Mundelein for $525 per month. The lease term was July 1, 1991,
to June 30, 1992.

At the trial, plaintiff testified that, early in 1991, she and defen-
dant were in high school and were dating. Defendant's parents
ejected him from their home shortly after defendant completed high
school, and defendant moved in with plaintiff and her parents.
Plaintiff and defendant decided to rent an apartment and share the

expenses. Plaintiff testified that she and defendant paid an additional one-half month's rent and moved into the apartment before the commencement of the lease term. Although plaintiff paid her half of the rent, plaintiff's mother paid some of the bills and purchased groceries for plaintiff and defendant on occasions when plaintiff and defendant could not afford to do so on their own.

Defendant took advantage of an opportunity to attend college and moved out of the apartment after "a couple of months." Plaintiff continued to live in the apartment and paid the entire rent amount for the remaining 10 months of the lease term.

Defendant testified that he signed the lease on April 29, 1991, and that he was 17 years old on that date. Plaintiff claimed that, although the apartment complex manager typed the lease on April 29, defendant did not sign the lease until June 30, 1991, after defendant's eighteenth birthday.

Plaintiff's mother (Mrs. Fletcher) explained that the lease remained in her possession, unsigned, until June 30, 1991, one day prior to the commencement of the lease term. She also explained that she opened a bank account in her name. The parties deposited their paychecks into this account, and Mrs. Fletcher made the rent payments on their behalf. Mrs. Fletcher testified that defendant moved out of the apartment on August 15, 1991, while defendant claimed he moved out on August 2.

Defendant testified that he made rent payments. He also paid at least part of the security deposit, although the record does not reveal the date of this payment. He moved out of the apartment because he and plaintiff were not getting along and because he had an opportunity to attend college. Defendant's father testified that defendant turned 18 on May 30, 1991.

The trial court ruled in favor of defendant, finding that defendant signed the lease before his eighteenth birthday. Plaintiff moved for reconsideration of the ruling, arguing that defendant could not disaffirm the lease because the lease was a contract for necessaries and, alternatively, that defendant ratified the contract after he turned 18. The trial court denied the motion, stating that it considered the issue of ratification at trial. This timely appeal followed.

Plaintiff's sole argument on appeal is that, although defendant was a minor when he signed the lease, he ratified the lease after attaining majority by taking possession of the premises and paying rent. Plaintiff sought recovery under a contribution theory. A right to common-law contribution arises from the compulsory payment by a joint obligor of more than his share of a common obligation. (*Rug-*

*gio v. Dithowsky* (1986), 147 Ill. App. 3d 638, 642.) Defendant prevailed at trial because the trial court found that defendant was a minor when he signed the lease and was not, therefore, a joint obligor under the lease.

A contract of a minor is not void *ab initio*, but merely voidable at the election of the minor upon his attaining majority. (*Dixon National Bank v. Neal* (1955), 5 Ill. 2d 328, 336; *Terrace Co. v. Calhoun* (1976), 37 Ill. App. 3d 757, 761.) After attaining majority, a person may either disaffirm or ratify a contract that he entered into while he was still a minor. *Dixon*, 5 Ill. 2d at 336.

A contract of a minor is deemed ratified if the minor fails to disaffirm it within a reasonable time after attaining majority. (*Dixon*, 5 Ill. 2d at 336; *Perry v. Saleda* (1975), 34 Ill. App. 3d 729, 735.) Also, a minor ratifies a contract if, after becoming of age, he "does any distinct and decisive act clearly showing an intention to affirm [the contract]." (*Shepherd v. Shepherd* (1951), 408 Ill. 364, 375.) Once a person ratifies such a contract, he cannot thereafter avoid his obligations under it. *Shepherd*, 408 Ill. at 375.

The parties dispute the standard by which we must review the trial court's judgment. However, it is well established that whether a minor has disaffirmed a contract within a reasonable time after attaining majority is a question of fact dependent upon the circumstances of the case. (*Shepherd*, 408 Ill. at 378; *Calhoun*, 37 Ill. App. 3d at 761.) In the context of ratification, the trier of fact will often have to infer from a person's actions that he intended to ratify a contract. Therefore, whether a ratification has occurred depends largely on the facts of a particular case. We conclude that whether a person has ratified a contract made during his infancy is similarly a question of fact.

Plaintiff claims that, because the facts relevant to the issue of ratification are undisputed, we should review the trial court's ruling *de novo*. Here, the issue is whether defendant intended to ratify the lease. When the issue is one of intent, reasonable persons often may draw different inferences regarding the significance of an undisputed act. When reasonable persons could draw different inferences from undisputed facts, a question of fact remains. (*Quality Lighting, Inc. v. Benjamin* (1992), 227 Ill. App. 3d 880, 884.) Accordingly, we will not disturb the trial court's judgment unless it is against the manifest weight of the evidence. *Zink v. Maple Investment & Development Corp.* (1993), 247 Ill. App. 3d 1032, 1036; *Erday's Clothiers, Inc. v. Spentzos* (1992), 228 Ill. App. 3d 540, 548-49.

Our supreme court has held that acts very similar to those of defendant in this case are sufficient to constitute a ratification of a

voidable contract. In *Rubin v. Strandberg* (1919), 288 Ill. 64, the parties entered into a real estate sale contract dated March 4, 1915. The buyer was a minor at the time he signed the contract, but attained his majority on October 7, 1915. He made installment payments in November and December and recorded the contract on January 3, 1916. The court concluded "[t]here can be no doubt that the acts of [the buyer] after attaining his majority, in making the monthly payments and causing the contract to be recorded, were a ratification of the contract." *Rubin*, 288 Ill. at 67.

In *Schlig v. Spear* (1931), 345 Ill. 219, Schlig, a minor, conveyed a parcel of improved real estate to Spear. Two days after attaining his majority, Schlig accompanied Spear to the apartment of a tenant living on the conveyed premises. The purpose of the visit was to collect the July rent and to introduce Spear as the new owner of the premises. Schlig and Spear departed after failing to gain admission into the apartment. Spear returned later and presented the tenant with a rent receipt. Schlig wrote on the back of the receipt, " 'This is Sam Spear, your new landlord.—Irving Schlig.' " *Schlig*, 345 Ill. at 221.

Schlig later called upon this tenant to collect the August rent. Schlig told the tenant that Spear was out of town and that Spear had authorized him to collect the August rent on Spear's behalf. The tenant paid the rent to Schlig, and Schlig received $5 as compensation for making the collection. The court affirmed the judgment for Spear, finding that Schlig's acts were sufficient to constitute a ratification of the deed. *Schlig*, 345 Ill. at 221.

Finally, in *Shepherd*, Robert Shepherd, along with his cotenants, conveyed by a deed dated June 8, 1942, a life estate in the family farm to Robert's mother, Minnie. Early in 1946, Robert and his family moved onto the farm, which was in Minnie's exclusive possession. Minnie paid Robert $100 per month to work on the farm and furnished Robert and his family with board and lodging. Robert attained his majority on May 2, 1946, and lived on the farm until late in June 1946. On December 3, 1946, Robert notified Minnie of his intention to disaffirm the deed.

The court upheld the trial court's finding that a reasonable time for disaffirming the deed had expired prior to December 3, 1946. The court stated that the minor, "who, for all practical purposes, recognized the life interest of his mother in the property involved when he continued in her employment after becoming twenty-one years of age, thereby ratifying the deed; did not disaffirm within a reasonable time." *Shepherd*, 408 Ill. at 381.

In the instant case, it is undisputed that, about two weeks after

becoming 18 years of age, defendant moved into the apartment and paid rent. There is no evidence indicating that, at this time, defendant did not intend to be bound under the lease. He lived in the apartment for about 1¹/₂ months and never took any action before moving out evidencing an intention to disaffirm the lease.

For a trial court's judgment to be against the manifest weight of the evidence, an opposite conclusion must be clearly evident. (*Swanson v. Village of Lake in the Hills* (1992), 233 Ill. App. 3d 58, 64.) Here, there is no evidence on record that could give rise to a reasonable inference that defendant's acts of moving into the apartment, living there for 1¹/₂ months, and making rent payments constituted anything other than an unequivocal ratification of the lease. Because he had already ratified the lease, his later attempt to disaffirm it by moving out of the apartment and refusing to make further payments was of no effect. (See *Shepherd*, 408 Ill. at 375.) Accordingly, we conclude that the trial court's judgment was against the manifest weight of the evidence. Defendant remained liable for the rent for the remainder of the lease term and is therefore liable to plaintiff for the rent payments she made on defendant's behalf.

Based on all of the foregoing, we reverse the judgment of the circuit court of Lake County and remand the cause for a hearing to determine plaintiff's damages.

Reversed and remanded.

DOYLE and QUETSCH, JJ., concur.