EDITH MILLER *et al.*, Plaintiffs-Appellants, v. MELVIN L. BIZZELL *et al.*, Defendants-Appellees.

Fourth District   No. 4—99—0614

Opinion filed March 3, 2000.

972

Mark S. Atterberry (argued), of Holley & Rosen, of Springfield, for appellants.

William F. Trapp (argued) and Joshua A. Joyce, both of Brown, Hay & Stephens, of Springfield, for appellees.

PRESIDING JUSTICE COOK delivered the opinion of the court:

Plaintiffs, Edith and Murry J. Miller, sued defendants, Melvin L.

and Crystal E. Bizzell, for alleged damages they incurred from the purchase of defendants' home. Following a bench trial, the trial court entered judgment for defendants. The trial court then awarded defendants attorney fees pursuant to section 55 of the Residential Real Property Disclosure Act (Disclosure Act) (765 ILCS 77/55 (West 1994)). Plaintiffs appeal the award of attorney fees. We vacate the award of attorney fees and remand with directions.

In May 1995, plaintiffs entered into a contract to purchase defendants' home. Defendants delivered a residential real property disclosure report as required by the Disclosure Act (765 ILCS 77/35 (West 1994)) that indicated, in part, no material defects existed in the roof, ceilings, or chimney. In July 1995, plaintiffs moved into the home. In October 1995, plaintiffs became aware of a leak in the roof in the second-floor bedroom closet.

In February 1996, plaintiffs sued defendants, alleging a cause of action under the Disclosure Act and fraudulent misrepresentation. Plaintiffs alleged that defendants knew of the leak in the roof and failed to disclose the leak on the disclosure form. In February 1999, defendants filed a motion for summary judgment. In March 1999, the trial court denied defendants' motion for summary judgment and held a bench trial. At the close of plaintiffs' case, the trial court entered judgment for defendants.

In April 1999, defendants filed a petition for attorney fees as the "prevailing party," pursuant to the Disclosure Act (765 ILCS 77/55 (West 1998)). In May 1999, the trial court granted defendants' petition for attorney fees. The trial court interpreted section 55 of the Disclosure Act, "on its face as making no differentiation between a prevailing seller or buyer as to the awarding of attorney fees." This appeal followed.

■ Plaintiffs argue that the trial court erred in its interpretation of section 55 of the Disclosure Act, which provides an award of attorney fees to the prevailing party:

> "A person who knowingly violates or fails to perform any duty prescribed by any provision of this Act or who discloses any information on the Residential Real Property Disclosure Report that he knows to be false shall be liable in the amount of actual damages and court costs, and the court may award reasonable attorney fees incurred by the prevailing party." 765 ILCS 77/55 (West 1998).

Plaintiffs argue the legislature had buyers, not sellers, in mind when it included the provision to award fees to the prevailing party. In addition, plaintiffs argue that if defendants can receive attorney fees under section 55 of the Disclosure Act, defendants here are not entitled to fees because the trial court never found plaintiffs' action was frivolous.

The primary rule of statutory construction is to ascertain and give effect to the true intent of the statute. *People ex rel. Baker v. Cowlin*, 154 Ill. 2d 193, 197, 607 N.E.2d 1251, 1253 (1992). The court should first consider the statutory language itself, and if that statutory language is clear, that language should be given effect without resorting to other aids of construction. *Cowlin*, 154 Ill. 2d at 197, 607 N.E.2d at 1253.

■ We disagree with plaintiff that allowing attorney fees to defendants would have a chilling effect on these causes of action, inconsistent with the purposes of the Act. The Act, which changed the long-standing common-law rule of *caveat emptor*, expresses no intention to treat plaintiffs differently from defendants.

The sentence allowing the grant of attorney fees applies to "[a] person"; it does not specify a specific party to the transaction. 765 ILCS 77/55 (West 1998). When the legislature wants provisions of the Disclosure Act to apply to a specific party, it has so specified. For example, the beginning of section 55 specifies, "If the seller ***" (765 ILCS 77/55 (ILCS 1998)); section 25 addresses the "liability of seller" (765 ILCS 77/25 (West 1998)); and section 40 does not allow the "prospective buyer" the right to terminate the contract under certain circumstances (765 ILCS 77/40 (West 1998)). In addition, the legislature defined the terms "seller" and "prospective buyer" to assure the correct enforcement of the Disclosure Act. See 765 ILCS 77/5 (West 1998).

The legislature also used the term "prevailing party" when addressing the award of attorney fees. The use of the term "prevailing party" in statutes allowing the grant of attorney fees has been interpreted to include both plaintiffs and defendants. See *Haskell v. Blumthal*, 204 Ill. App. 3d 596, 599, 561 N.E.2d 1315, 1317 (1990); *Casey v. Jerry Yusim Nissan, Inc.*, 296 Ill. App. 3d 102, 106-07, 694 N.E.2d 206, 209 (1998). The purpose of statutes that allow the transfer of fees is to curb abuses by both parties. See *Haskell*, 204 Ill. App. 3d at 599, 561 N.E.2d at 1317; R. Friedman, *Private Right of Action Under the Illinois Consumer Fraud and Deceptive Business Practices Act*, 76 Ill. B.J. 748, 751 (1987). If the present act, the Disclosure Act, is interpreted to allow the award of attorney fees only to prevailing buyers, it will afford no limitation on buyers who file meritless claims.

A review of other Illinois statutes that provide for a grant of attorney fees to a prevailing party shows that when the legislature intends that certain parties can or cannot receive attorney fees, it has been specific. See 215 ILCS 5/132.7(a), (d) (West 1998) ("[p]ersons identified in subsection (a) [(director, director's authorized representatives, or any examiner appointed by the director)] shall be entitled to an award of attorney's fees and costs if they are a prevailing party in a

civil action for ***"); 775 ILCS 5/10—102(C)(2) (West 1998) ("the court, in its discretion, may allow the prevailing party, other than the State of Illinois, reasonable attorney fees and costs"); 815 ILCS 5/13(A) (West 1998) ("[i]f the purchaser shall prevail in any action brought to enforce any of the remedies provided in this subsection, the court shall assess costs together with the reasonable fees and expenses of the purchaser's attorney against the defendant"); 815 ILCS 510/3 (West 1998) ("[c]osts or attorneys' fees or both may be assessed against a defendant only if ***"). The Disclosure Act does not limit the award of attorney fees to a specific party, thus allowing the award of attorney fees to any prevailing party.

We conclude that either plaintiffs or defendants, in appropriate circumstances, may recover fees under the Act.

Plaintiffs next argue that the grant of attorney fees to defendants was an abuse of discretion. Plaintiffs contend the defendants should not have been awarded attorney fees because the trial court did not find plaintiffs' lawsuit was frivolous, as required by *Haskell*.

In *Haskell*, this court found the criteria of Supreme Court Rule 137 (155 Ill. 2d R. 137) to be an appropriate method of determining whether a sanction should be imposed against a plaintiff who did not prevail. We had difficulty envisioning a circumstance arising under the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/10a(c) (West 1998)) where fees should be awarded to a defendant who simply prevailed, absent bad faith on the part of the plaintiff. *Haskell*, 204 Ill. App. 3d at 602-03, 561 N.E.2d at 1318-19. Since our decision in *Haskell*, other courts have agreed that bad faith by the plaintiff is an important, and possibly controlling, factor to be considered by a trial court in deciding whether to award attorney fees under the Consumer Fraud Act. See *Graunke v. Elmhurst Chrysler Plymouth Volvo, Inc.*, 247 Ill. App. 3d 1015, 1023, 617 N.E.2d 858, 864 (1993) (second district); *Washington Courte Condominium Ass'n-Four v. Washington-Golf Corp.*, 267 Ill. App. 3d 790, 839, 643 N.E.2d 199, 232 (1994) (first district); *Casey*, 296 Ill. App. 3d. at 108, 694 N.E.2d at 210 (third district); cf. *Door Systems, Inc. v. Pro-Line Door Systems, Inc.*, 126 F.3d 1028 (7th Cir. 1997) (bad-faith requirement too narrow; "oppression" standard applied); *Janikowski v. Lynch Ford, Inc.*, 73 F. Supp. 2d 956 (N.D. Ill. 1999) (oppression standard, fees denied).

In this case, the trial court awarded defendants attorney fees, finding as follows:

"[The] [attorney] fee[ ] provision[ ] ([s]ection 55) of [the Disclosure] Act is not analogous to [the attorney] fee provision (section 10[a]) of the Consumer Fraud Act. The Consumer Fraud

Act provides a remedy to consumers who do not have the resources to take on large corporate retailers and who may not have an incentive to file suit over a purchase costing only a few dollars. The instant case, brought under the [Disclosure Act], involves a buyer and seller who, as in the sale of most homes, are of equal financial status who enter into the sale of property for tens of thousands of dollars and are litigating over alleged defects costing thousands of dollars to repair.

The [c]ourt interprets [section] 55 on its face as making no differentiation between a prevailing seller or buyer as to the awarding of attorney fees."

■ We agree there should be no differentiation between plaintiffs and defendants on the recovery of attorney fees under the Disclosure Act. However, for a plaintiff to recover attorney fees, for a plaintiff to prevail in an action, plaintiff must show knowing misconduct on the part of defendant. A defendant seeking attorney fees should be required to establish similar misconduct on the part of plaintiff.

■ Section 55 of the Disclosure Act states, "the court *may* award reasonable attorney fees." (Emphasis added.) 765 ILCS 77/55 (West 1998). The award of such fees is not mandatory; it lies within the discretion of the trial court, and that court's decision will not be overturned absent an abuse of discretion. See *Grove v. Huffman*, 262 Ill. App. 3d 531, 538-39, 634 N.E.2d 1184, 1189 (1994). We find the analysis in *Haskell* instructive. A trial court, exercising its discretion on whether to award attorney fees under the Disclosure Act, should consider factors consistent with Rule 137.

Under Rule 137, sanctions may be granted (1) if *either* party files a pleading or motion that to the best of the attorney's "knowledge, information, and belief" is not "well grounded in fact" and is not "warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law," or (2) if the pleading or motion is interposed to "harass or to cause unnecessary delay or needless increase in the cost of litigation." 155 Ill. 2d R. 137. The purpose of Rule 137 is not to penalize an unsuccessful party but to deter frivolous pleadings or suits with no basis in law. See *In re Marriage of Sykes*, 231 Ill. App. 3d 940, 946, 596 N.E.2d 1226, 1230-31 (1992). Likewise, the purpose of awarding attorney fees to a defendant is to deter bad-faith conduct by a plaintiff. Hence, a similar standard should apply in the determination of whether to award attorney fees under the Disclosure Act. See *Haskell*, 204 Ill. App. 3d at 602, 561 N.E.2d at 1319.

■ Consistent with Rule 137, factors that a trial court might consider include (1) the degree of bad faith by the opposing party, (2)

whether an award of fees would deter others from acting under similar circumstances, and (3) the relative merits of the parties' positions. See *Haskell*, 204 Ill. App. 3d at 602-03, 561 N.E.2d at 1319; *Graunke*, 247 Ill. App. 3d at 1022-23, 617 N.E.2d at 863-64 (discussing cases interpreting section 502(g) of the Employee Retirement Income Security Act (ERISA) (29 U.S.C. § 1132(g)(1) (1988))); *Casey*, 296 Ill. App. 3d at 107-08, 694 N.E.2d at 210.

In rendering its ruling, the trial court in this case found that *Haskell* did not apply and awarded defendants their attorney fees. Our finding that the trial court should have considered factors consistent with *Haskell* requires that we vacate the order granting defendants their attorney fees and remand the cause to the trial court for a determination on whether attorney fees should be allowed consistent with the principles discussed herein.

For the foregoing reasons, the circuit court's order granting defendants attorney fees is vacated, and the cause is remanded for further proceedings consistent with this opinion.

GARMAN and MYERSCOUGH, JJ., concur.