No. 3--00--0283

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2001 

CURTIS INVESTMENT FIRM, ) Appeal from the Circuit Court

LTD. PARTNERSHIP, ) of the 14
th Judicial Circuit,

) Rock Island County, Illinois

Plaintiff-Appellee, ) 

 )

v. ) No. 99--SC--3598

 ) 

ROBERT R. SCHUCH and ) 

SUSAN A. SCHUCH, ) Honorable

                                ) Dennis DePorter

Defendants-Appellants. ) Judge, Presiding

_________________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

The plaintiff, Curtis Investment Firm, Ltd. Partnership (Curtis Investment), brought an action against the defendants, Robert and Susan Schuch, alleging failure to disclose a defective water supply line.  The trial court entered judgment for Curtis Investment in the amount of $1,532.50, plus costs.  On appeal, the Schuches claim that Curtis Investment waived any right to recovery under the Residential Real Property Disclosure Act (Act) (765 ILCS 77/1 
et
 
seq.
 (West 1998)) by failing to demand a disclosure report prior to closing.  The Schuches also argue that the judgment was erroneous because they had no actual knowledge of the defect at the time of sale.  We determine that the Act is mandatory and cannot be waived.  In addition, we defer to the trial court's finding of actual knowledge in that it was not against the manifest weight of the evidence. 

FACTS

Curtis Investment entered into a contract to purchase a piece of residential property owned by the Schuches.  Approximately six weeks prior to the closing, Curtis Investment requested a real property disclosure report.  The Schuches did not provide the report.  The closing proceeded without any written contingencies and Curtis Investment purchased the home.  

Prior to the sale, the Schuches had the home's water supply turned off at the curb box rather than at the interior meter.  When Curtis Investment attempted to reinitiate the water supply, it discovered that the supply line between the curb box and the house was faulty.  The interior water system needed repair as well.  Curtis Investment repaired the water supply system at its own expense.  At the time of trial, the repairs totaled $1532.50.   Curtis Investment filed a small claims suit against the Schuches seeking to recover the cost to replace the water supply system.  During the trial, Robert Schuch denied any knowledge of a problem with the supply line or the residential system.  The trial court held that under the Act, a buyer cannot waive its right to receive a disclosure report.  The court found that the Schuches knew the water supply line was defective and entered judgment for Curtis Investment for the cost to repair the system.  The Schuches appeal.

ANALYSIS

On appeal, the Schuches first argue that, contrary to the trial court's holding, a buyer can waive its right to receive a real property disclosure statement if the buyer signs a contract for purchase without receiving a residential disclosure statement.

The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature.  
Miller v. Bizzell
, 311 Ill. App. 3d 971, 726 N.E.2d 175 (2000).  The court should first consider the statutory language itself.  When the language of the statute is clear, it should be given effect without resorting to other aids of construction.  
People ex rel. Baker v. Cowlin
, 154 Ill. 2d 193, 607 N.E.2d 1251 (1992).  Legislative use of the word "shall" is generally considered to express an intent that the provision be mandatory.  
Hoffman Estates Professional Firefighters Assn. v. Village of Hoffman Estates
, 305 Ill. App. 3d 242, 711 N.E.2d 1109 (1999).     

Section 20 of the Act provides that:

"A seller of residential real property 
shall
 complete all applicable items in the disclosure document described in Section 35 of this Act.  The seller 
shall
 deliver to the prospective buyer the written disclosure statement required by this Act before the signing of a written agreement by the seller and prospective buyer that would, subject to the satisfaction of any negotiated contingencies, require the prospective buyer to accept a transfer of the residential real property."  (Emphasis added.)  765 ILCS 77/20 (West 1998).

We find the use of the word "shall" in this section requires a mandatory reading of the provision.  The plain language of the statute mandates that the buyer be provided a disclosure statement before closing on a residential sale.  The statute does not list any exceptions.  We therefore hold that a buyer cannot waive the seller's responsibility to disclose certain defects by signing a contract without receipt of a written disclosure statement.

We reject the Schuches' assertion that the language of section 20 gives the buyer the option to waive receipt of the report.  The Schuches maintain that section 20 provides that the disclosure report is "subject to the satisfaction of any negotiated contingencies."  They claim that one such negotiation could be the waiver of the disclosure statement.  However, a reading of the entire section clearly demonstrates that the "subject to" language relates to the written agreement to purchase the property, not the seller's disclosure statement.  Accordingly, the trial court's determination that a buyer cannot waive receipt of a real property disclosure report was correct.

Other provisions of the Act require a mandatory reading of the statute as well.  Section 55 provides that "[a] person who knowingly violates or fails to perform any duty prescribed by any provision of this Act or who discloses any information on the Residential Real Property Disclosure Report that he knows to be false shall be liable in the amount of actual damages and court costs."  765 ILCS 77/55 (West 1998).  The language in this provision demonstrates that the legislature intended mandatory liability in the event the seller fails to comply with the Act.  Consequently, a seller cannot fail or refuse to provide a disclosure report with impunity.
(footnote: 1) 

Finally, consideration of the objective of the statute supports our conclusion that a buyer's right to receive a disclosure statement prior to closing cannot be waived.  The primary purpose of the statute is to provide a remedy for aggrieved buyers of residential real property.  See 90
th
 Ill. Gen. Assem., House Proceedings, May 20, 1997, at 6.  To allow a seller to ignore his obligation under the Act to avoid reporting a material defect and defeat a buyer's subsequent claim would only encourage the evils the legislature sought to remedy.  See 
People v. Peters
, 180 Ill. App. 3d 850, 536 N.E.2d 465 (1989) (court should consider objective of the statute and evils legislature sought to remedy and arrive at a construction that is founded in common sense).  Since the Schuches failed to perform their duty under the Act, they are responsible for the damages incurred to replace the water supply system.    

In the alternative, the Schuches argue that even if a disclosure report must be provided, they should not be held liable for the damage sustained.  Under section 25 of the Act, a seller is not liable for any error, inaccuracy, or omission of information if the seller had no knowledge of the error, inaccuracy, or omission.  765 ILCS 77/25(a) (West 1998).  The Schuches claim that the trial court's finding that they knew the water supply line was faulty was against the manifest weight of the evidence. 

Whether the Schuches knew the line was leaking prior to the closing is a question of fact to be determined by the trial court.  See 
Woods v. Pence
, 303 Ill. App. 3d 573, 708 N.E.2d 563 (1999) (whether seller knew of material defect is a question of fact).  A trier of fact need not accept a party's testimony that he had no knowledge of a particular fact in question if the evidence shows to the contrary.  
Erickson v. Muskin Corp.
, 180 Ill. App. 3d 117, 535 N.E.2d 475 (1989), 
rev'd on other grounds
, 143 Ill.2d 188, 572 N.E.2d 920 (1991).  When reviewing a question of fact, we defer to the trial court's finding unless it is against the manifest weight of the evidence.  
King v. Ashbrook
, 313 Ill. App. 3d 1040, 732 N.E.2d 621 (2000).  A trial court's judgment is against the manifest weight of the evidence only if an opposite conclusion is clearly evident.  
Fletcher v. Marshall
, 260 Ill. App. 3d 673, 632 N.E.2d 1105 (1994).  

The record in the present case is scant.  Robert Schuch denied any knowledge that the water supply line to the residence or the interior system was faulty.  However, he admitted that he had the residential water supply turned off at the curb box, rather than the meter inside the house.  We recognize that the evidence that the Schuches knew a problem existed is less than overwhelming.  However, we cannot say that an opposite conclusion to that reached by the trial court is clearly evident.  We therefore affirm the trial court's finding that the Schuches had knowledge of the defect at the time of the sale.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed. 

Affirmed.

LYTTON, J., concurring.

HOLDRIDGE, J., dissenting.

No. 3--00--0283 – Curtis Investment v. Schuch

JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent.  While the majority is correct in finding that the seller must provide the real property disclosure report to the buyer, I believe they err in finding that this obligation to the buyer cannot be waived by the buyer.  "Waiver" is defined as "the intentional relinquishment of a known right." 
Illinois Valley Electric Co-Operative, Inc. v. City of Princeton
, 229 Ill. App. 3d 631, 638 (1992). A waiver may be made by express agreement or implied from the conduct of the party who allegedly waived the right. 
Ryder v. Bank of Hickory Hills
, 146 Ill. 2d 98, 105 (1991). Waiver will be implied when a party's conduct is inconsistent with an intention to assert the right. A waiver may be made by express agreement or implied from the conduct of the party who allegedly waived the right. 
Ryder
, 146 Ill. 2d at 105.

Here, the buyers requested the real property disclosure report approximately six weeks prior to the anticipated closing date.  The sellers did not provide the report, yet the sellers elected to proceed with the closing despite the lack of the report.  The statutory remedy available to a buyer who has not received a disclosure report is clear: "If the seller fails or refuses to provide the disclosure document prior to the conveyance of the residential real property, 
the buyer shall have the right to terminate the contract
. (Emphasis added.)" (765 ILCS 77/55 (1998)).  

It is clear that the buyers had a right to terminate the contract due to the sellers’ failure to provide the disclosure report.  Yet they elected not to terminate and proceed with the transaction.  This conduct clearly indicated an intention to waive the right to receive the report.  

I would find that the buyers waived the right to recovery under the Act and I would reverse the judgment of the circuit court and remand for entry of judgment for the defendants.

FOOTNOTES
1:  The dissent claims that Curtis Investment waived its right to receive the report because it proceeded to purchase the home rather than terminate the contract.  Section 55 provides, in part, that "the buyer shall have the right to terminate the contract."  765 ILCS 77/55 (West 1998).  It does not state that termination is the buyer's only right or remedy if the seller fails to produce a disclosure report.  Indeed, in addition to termination, section 55 allows the buyer to sue the seller to recover actual damages and costs--the remedy sought by Curtis Investment.  765 ILCS 77/55 (West 1998).