# Illinois Official Reports

## Appellate Court

---

### *Cantrall v. Bergner*, 2016 IL App (4th) 150984

---

| | |
|---|---|
| Appellate Court Caption | ANDREA CANTRALL, Plaintiff-Appellant and Cross-Appellee, v. DANIEL BERGNER and VICKIE BERGNER, Defendants-Appellees and Cross-Appellants. |
| District & No. | Fourth District<br>Docket No. 4-15-0984 |
| Rule 23 order filed<br>Rule 23 order withdrawn<br>Opinion filed | October 21, 2016<br><br>December 19, 2016<br>December 19, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 12-LM-247; the Hon. Chris Perrin, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Duane D. Young (argued), of LaBarre, Young & Behnke, of Springfield, for appellant.<br><br>Ashton N. Nowlan (argued), of Londrigan Potter Randle, P.C., of Springfield, for appellees. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court, with opinion.
Justices Appleton and Steigmann concurred in the judgment and opinion.

**OPINION**

¶ 1        In March 2011, plaintiff, Andrea Cantrall, entered into a contract to purchase the home of defendants, Daniel and Vickie Bergner. Defendants delivered a residential real property disclosure report as required by the Residential Real Property Disclosure Act (Act) (765 ILCS 77/35 (West 2010)) that indicated, in part, they were unaware of any leaks or material defects in the roof, ceilings, or chimney. After a home inspection revealed issues with the roof, the parties executed a repair addendum where defendants, if competent to do so themselves or by a qualified and reputable contractor, were required to repair or replace all wood rot and missing fascia on the home and garage. In April 2011, plaintiff moved into the home and noticed the roof was leaking.

¶ 2        In February 2012, plaintiff filed a three-count complaint against defendants, alleging a violation of the Act (765 ILCS 77/1 to 99 (West 2010)) (count I), fraudulent concealment (count II), and breach of contract (count III). The trial court entered judgment for plaintiff on count III and for defendants on counts I and II and denied both parties' requests for attorney fees. Plaintiff appeals, arguing she was entitled to attorney fees under the fee-shifting provision in the sales contract. Defendants cross-appeal, claiming the court abused its discretion when it denied them fees under the Act because plaintiff engaged in knowing misconduct.

¶ 3                              I. BACKGROUND

¶ 4        In March 2011, the parties entered into a residential real estate sales contract, where plaintiff agreed to purchase defendants' home. Soon thereafter, plaintiff ordered a home inspection. Plaintiff was present during a portion of the inspection and noticed a visible watermark on a wall in the back stairway of the house and observed it was "wet, two or three inches long and half an inch wide." The inspector noted the fascia was physically damaged and missing in places and there was rotted wood. The inspector further recommended plaintiff seek an evaluation by a roofer. Based on the inspection report, the parties agreed, via a repair addendum, that defendants, if competent to do so themselves or by a qualified and reputable contractor, would repair or replace all wood rot and missing fascia on the home and garage.

¶ 5        Defendant (Daniel) repaired the fascia under the edge of the roof himself and applied caulk. He did not seek the assistance, presence, advice, or consultation of any engineer, carpenter, contractor, inspector, roofer, or other persons knowledgeable of the building trades or any other person, lay or professional. Defendant had no knowledge of roofing or building trades, but he had been a painter years ago. Prior to closing, plaintiff completed a final walk-through of the house. Plaintiff still noticed the watermark on the wall but assumed the agreed repairs were completed. Plaintiff was not concerned about the watermark because she assumed it was a stain and could be painted over. At this time, plaintiff did not have the roof evaluated by a roofer per the inspector's suggestion.

¶ 6　　　　In April 2011, plaintiff was assured by defendants at closing that all repairs had been made. A few days later, plaintiff moved into the home. Within two weeks, it rained and the roof leaked. Defendants refused to repair the leak. Eventually, plaintiff paid $2500 for a roofer to make the repairs. In February 2012, plaintiff filed a three-count complaint against defendants, alleging a violation of the Act (765 ILCS 77/1 to 99 (West 2010)) (count I), fraudulent concealment (count II), and breach of contract (count III).

¶ 7　　　　Before the trial court made its decision, both parties requested attorney fees. Plaintiff argued she was entitled to fees under the fee-shifting provision in the sales contract. The fee-shifting provision provided, "All costs, expenses[,] and reasonable attorney's fees incurred by one party in enforcing said party's rights under this [c]ontract may be recovered from the other party." Defendants argued they were entitled to fees under the Act because plaintiff engaged in knowing misconduct (765 ILCS 77/55 (West 2010)). In November 2015, the court issued a written order with the following findings:

"A. The Plaintiff has failed to meet her burden of proof as to a knowing violation of the [Act]. There was insufficient evidence presented at trial that the Defendants had actual knowledge of a material defect in the roof at the time the residential real property disclosure was completed.

B. The Defendants['] failure to supplement the residential real property disclosure pursuant to Section 30 of the [Act] is permissible as the wood rot was discovered by the Plaintiff and made known to Defendants by the Plaintiff through the Repair Addendum.

\*\*\*

D. The Plaintiff has failed to meet her burden of proof as to her claim for fraud. There was insufficient evidence presented at trial to support Plaintiff's claims that the Defendants knowingly deceived, concealed[,] or withheld information as to the condition of the roof.

E. The Plaintiff's reliance upon the Defendants' representation was not reasonable or justifiable. Knowing her home inspector's opinion regarding the marginal condition of the roof and still seeing the watermark in the stairwell of the home, Plaintiff undertook no follow up to verify that the repairs had been completed in a reasonable and workmanlike manner. Additionally, Plaintiff chose not to have the roof inspected by a qualified roofer as her inspection report recommended. The Plaintiff could have learned the actual condition of the roof through the exercise of ordinary prudence. A plaintiff may not close her eyes and then claim that she has been deceived by others. [Citation.]

F. The Defendants were, by virtue of the Repair Addendum, contractually obligated to repair, if competent to do so, or cause to be repaired by a qualified and reputable contractor all wood rot and missing fascia on the home and garage.

G. The Defendants breached the Repair Addendum in that they did not repair, or cause to be repaired by a qualified and reputable contractor, all wood rot on the home and garage.

H. The Plaintiff's damages arose from Defendants' breach of contract."

The court entered judgment on count III for plaintiff and on counts I and II for defendants. The court denied (1) plaintiff's request for attorney fees pursuant to the fee-shifting provision in the

sales contract and (2) defendants' request for attorney fees pursuant to the Act. The parties filed motions to reconsider, which the court denied.

¶ 8        This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10        On appeal, plaintiff argues that the trial court erred when it denied her request for attorney fees because the fee-shifting provision in the sales contract made the award of attorney fees mandatory. Defendants argue that the trial court had discretion whether to award plaintiff attorney fees, and it appropriately denied plaintiff's request. On cross-appeal, defendants argue that the trial court erred when it denied them attorney fees pursuant to the Act (765 ILCS 77/55 (West 2010)) because plaintiff engaged in knowing misconduct. In response, plaintiff argues that, since she prevailed on count III, her claims were not meritless and defendants failed to establish she engaged in knowing misconduct. We address each of these contentions in turn.

¶ 11                A. Attorney Fees Pursuant to the Fee-Shifting Provision

¶ 12        Illinois follows the "American Rule," which provides, absent statutory authority or a contractual agreement providing otherwise, each party must bear his or her own attorney fees and costs. *Housing Authority v. Lyles*, 395 Ill. App. 3d 1036, 1038, 918 N.E.2d 1276, 1278 (2009). When a contract provides a fee-shifting provision for attorney fees, a reviewing court is required to strictly construe it to mean nothing more, but also nothing less, than the plain language of the provision. *Bright Horizons Children's Centers, LLC v. Riverway Midwest II, LLC*, 403 Ill. App. 3d 234, 254-55, 931 N.E.2d 780, 798 (2010).

¶ 13        First, we clarify our standard of review. Plaintiff contends that, because her argument involves the interpretation of a contract, our review is *de novo* (citing *Fontana v. TLD Builders, Inc.*, 362 Ill. App. 3d 491, 510, 840 N.E.2d 767, 784 (2005)). Defendants argue that the trial court had discretion as to whether it awarded attorney fees and its decision should not be disturbed absent an abuse of discretion (citing *Powers v. Rockford Stop-N-Go, Inc.*, 326 Ill. App. 3d 511, 516, 761 N.E.2d 237, 241 (2001)). When interpreting a fee-shifting provision to determine whether the use of the term "may" is discretionary or mandatory, our review is *de novo*. *Carr v. Gateway, Inc.*, 241 Ill. 2d 15, 20, 944 N.E.2d 327, 329 (2011). We then address whether a trial court's award or denial of attorney fees pursuant to a contractual fee-shifting provision is an abuse of discretion. *McHenry Savings Bank v. Autoworks of Wauconda, Inc.*, 399 Ill. App. 3d 104, 113, 924 N.E.2d 1197, 1206 (2010).

¶ 14        As previously noted, the contractual agreement between plaintiff and defendants contained the following fee-shifting provision for the award of attorney fees:

>     "All costs, expenses[,] and reasonable attorney's fees incurred by one party in enforcing said party's rights under this [c]ontract *may* be recovered from the other party." (Emphasis added.)

¶ 15        Plaintiff suggests the term "may" simply confers on the prevailing party enforcing the contract the right to seek recovery of fees, and once initiated, the trial court is required to award attorney fees. Defendants argue that the contract language is unambiguous and the use of the term "may" indicates the awarding of fees is permissive and not mandatory, and as a result, whether to award attorney fees was within the court's discretion. We agree with defendants.

¶ 16    Black's Law Dictionary defines the term "may" as follows: "1. To be permitted to *** 2. To be a possibility ***." Black's Law Dictionary 1000 (8th ed. 2004). When effectuating legislative intent in interpreting statutes, courts have held "may" to be synonymous with "shall" or "must." Black's Law Dictionary 1000 (8th ed. 2004). A different publication by the editor of Black's Law Dictionary defines "may" as follows: "(1) has discretion to; is permitted to ***; (2) possibly will ***; or (3) shall." Bryan A. Garner, A Dictionary of Modern Legal Usage 552 (2d ed. 1995) ("courts not infrequently construe *may* as *shall* or *must* to the end that justice may not be the slave of grammar" (emphases in original and internal quotation marks omitted)). However, as noted by defendants, the use of "may" does not mean "shall" when interpreting private contracts (citing *Lukasik v. Riddell, Inc.*, 116 Ill. App. 3d 339, 345, 452 N.E.2d 55, 59 (1983)).

¶ 17    The plain and ordinary meaning of "may" indicates the fee-shifting provision is permissive. Although courts will sometimes construe statutes using "may" to mean "shall" by examining legislative intent, due to the steep ramifications of fee-shifting provisions in contracts, we are bound to strictly construe them to mean nothing more, but also nothing less, than the plain language used by the parties. *Bright Horizons*, 403 Ill. App. 3d at 254-55, 931 N.E.2d at 798. We disagree with plaintiff's assessment that the term "may" simply confers on the prevailing party enforcing the contract the right to seek recovery of fees. Based on the construction of the clause, the provision leaves the decision as to whether a prevailing party can receive fees to the discretion of the trial court.

¶ 18    Nonetheless, plaintiff argues that this fee-shifting provision is similar to the fee-shifting provision presented in *Pioneer Trust & Savings Bank v. Zonta*, 96 Ill. App. 3d 339, 349, 421 N.E.2d 239, 247 (1981). In *Pioneer*, the fee-shifting provision provided "the lessee pay all 'reasonable costs, attorney's fees and expenses that may be incurred by Lessor, in enforcing the covenants and agreements of this lease.' " *Pioneer*, 96 Ill. App. 3d at 349, 421 N.E.2d at 247. In the case at bar, we find the fee-shifting provision distinguishable. The fee-shifting provision in *Pioneer* entitled the Lessor to all reasonable costs, attorney fees, and expenses that *may be incurred* by the lessor. The provision in the present case uses the term "may" to state fees and costs *may* be recoverable against the other party. The ordering of the words in the fee-shifting provision is significant, especially when the court is required to strictly construe the provision. See *Bright Horizons*, 403 Ill. App. 3d at 254-55, 931 N.E.2d at 798.

¶ 19    Plaintiff argues that if this court finds the fee-shifting provision discretionary, it conflicts with this court's holding in *Housing Authority v. Lyles*, 395 Ill. App. 3d 1036, 1040, 918 N.E.2d 1276, 1279-80 (2009). In *Housing Authority*, a landlord filed a complaint in forcible entry and detainer alleging that the defendant-tenant breached the terms of the lease by keeping her unit in an unsanitary and unsafe condition. *Housing Authority*, 395 Ill. App. 3d at 1037, 918 N.E.2d at 1277. The trial court found for the defendant-tenant and awarded her $5,089.50 in attorney fees based on the fee-shifting provision contained in the lease. *Housing Authority*, 395 Ill. App. 3d at 1038, 918 N.E.2d at 1278. The fee-shifting provision provided, " 'In the event one party to this lease defaults in fulfilling any of the provisions of this lease, the non[ ]defaulting party may recover all costs and reasonable attorney[ ] fees incurred in enforcing this lease, whether or not suit shall be required.' [Citation.]" *Housing Authority*, 395 Ill. App. 3d at 1039, 918 N.E.2d at 1279.

¶ 20    In *Housing Authority*, the parties disputed on appeal whether the defendant-tenant was *enforcing* the lease and, therefore, could request fees pursuant to the fee-shifting provision.

The trial court's judgment was reversed because the defendant-tenant was not *enforcing* anything but, rather, defending against the forcible entry and detainer action alleging she had breached the lease. *Housing Authority*, 395 Ill. App. 3d at 1040, 918 N.E.2d at 1279. This court concluded, "[a]pplying these common definitions [of 'enforcing'] to the language of the lease, this court finds as a matter of law that the lessor or lessee would be entitled to attorney fees only if that party was suing to compel or make effective the covenants of the lease." *Housing Authority*, 395 Ill. App. 3d at 1040, 918 N.E.2d at 1279.

¶ 21      This statement was made in the context of whether the defendant was *enforcing the lease*, and this court did not address whether the fee-shifting provision was mandatory or permissive. Plaintiff argues the following on this holding: "[w]hile not an explicit holding, this court did decide, perhaps in a left-handed way *** that a fee[-]shifting [provision] in a lease using the word 'may' warranted the award of attorney[ ] fees to the prevailing party as a matter of law." We disagree. As stated above, and as plaintiff points out, the context was entirely different, and this court was not presented with the issue of whether the term "may" in the fee-shifting provision was permissive or mandatory. See, *e.g.*, *People v. Flatt*, 82 Ill. 2d 250, 261, 412 N.E.2d 509, 515 (1980) ("It is well settled that the precedential scope of a decision is limited to the facts before the court."). Therefore, our decision in *Housing Authority* is not instructive here. We conclude that the plain and ordinary meaning of the term "may" used in the fee-shifting provision indicates the trial court had discretion as to whether to award attorney fees.

¶ 22      Next, we address whether the trial court abused its discretion when it denied plaintiff attorney fees pursuant to the fee-shifting provision. *McHenry Savings Bank*, 399 Ill. App. 3d at 113, 924 N.E.2d at 1206. "An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court." *Seymour v. Collins*, 2015 IL 118432, ¶ 41, 39 N.E.3d 961.

¶ 23      Based on our discussion above, the term "may" in the fee-shifting provision provided the trial with discretion as to whether to award fees and the amount awarded. In multicount cases, where the parties have each won and lost on different claims, it may be inappropriate to award attorney fees to either party. *Timan v. Ourada*, 2012 IL App (2d) 100834, ¶ 29, 972 N.E.2d 744. In the present case, the trial court entered judgment in favor of plaintiff on count III and defendants on counts I and II. For count III, breach of contract, the court found defendants breached the repair addendum "in that they did not repair, or cause to be repaired by a qualified and reputable contractor, all wood rot on the home and garage." The court awarded plaintiff $2500 and court costs for the breach. Based on the facts of the breach and since plaintiff was unsuccessful on two of her three claims, we cannot say it was unreasonable for the court to deny her request for attorney fees. Therefore, the trial court did not abuse its discretion when it denied plaintiff's request for attorney fees.

¶ 24                          B. Attorney Fees Pursuant to the Act

¶ 25      In their cross-appeal, defendants argue that the trial court erred when it denied their request for attorney fees as the prevailing party pursuant to the Act (765 ILCS 77/55 (West 2010)). In response, plaintiff argues that defendants failed to prove plaintiff engaged in knowing misconduct to prevail under the Act for an award of attorney fees. The award of attorney fees under the Act is discretionary; therefore, we will not reverse a court's decision absent an abuse of discretion. *Miller v. Bizzell*, 311 Ill. App. 3d 971, 976, 726 N.E.2d 175, 179 (2000).

¶ 26    Under section 25(b) of the Act, "[t]he seller shall disclose material defects of which the seller has actual knowledge." 765 ILCS 77/25(b) (West 2010). However, a seller is not required "to make any specific investigation or inquiry in an effort to complete the disclosure statement." 765 ILCS 77/25(c) (West 2010). In the present case, count I of plaintiff's complaint alleged defendants made false representations on the residential real property disclosure form because they stated they were unaware of any leaks or material defects in the roof. The trial court found plaintiff failed to show defendants had actual knowledge of a material defect in the roof at the time the disclosure statement was completed. Therefore, the court entered judgment for defendants on count I.

¶ 27    Section 55 of the Act provides for liability and damages and states, in relevant part, as follows:

> "A person who knowingly violates or fails to perform any duty prescribed by any provision of this Act or who discloses any information on the Residential Real Property Disclosure Report that he knows to be false shall be liable in the amount of actual damages and court costs, and the court may award reasonable attorney fees incurred by the prevailing party." 765 ILCS 77/55 (West 2010).

¶ 28    Defendants argue that the trial court abused its discretion when it denied their request for attorney fees as the prevailing party because plaintiff engaged in knowing misconduct. More specifically, defendants argue that plaintiff engaged in knowing misconduct when she had actual knowledge of the roof's condition and decided to sue defendants anyway, causing unnecessary delay and/or a needless increase in the cost of litigation. Plaintiff argues that because she prevailed on count III, her actions were not meritless and defendants have failed to establish she engaged in knowing misconduct.

¶ 29    The parties do not dispute that defendants were the prevailing party on count I but instead argue whether plaintiff's actions demonstrated she engaged in knowing misconduct. When a defendant seeks attorney fees under the Act, he is required to show knowing misconduct on the part of the plaintiff. *Miller*, 311 Ill. App. 3d at 976, 726 N.E.2d at 179. Courts look to Illinois Supreme Court Rule 137 (eff. Feb. 1, 1994) for a guideline as to when attorney fees should be awarded to a defendant under the Act. *Miller*, 311 Ill. App. 3d at 975, 726 N.E.2d at 178; *Krautsack v. Anderson*, 223 Ill. 2d 541, 560, 861 N.E.2d 633, 647 (2006). "Under Rule 137, sanctions may be granted (1) if *either* party files a pleading or motion that to the best of the attorney's 'knowledge, information, and belief' is not 'well grounded in fact' and is not 'warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law,' or (2) if the pleading or motion is interposed to 'harass or cause unnecessary delay or needless increase in the cost of litigation.' " (Emphasis in original.) *Miller*, 311 Ill. App. 3d at 976, 726 N.E.2d at 179 (quoting Ill. S. Ct. R. 137 (eff. Feb. 1, 1994)). Factors a trial court might consider include "(1) the degree of bad faith by the opposing party, (2) whether an award of fees would deter others from acting under similar circumstances, and (3) the relative merits of the parties' positions." *Miller*, 311 Ill. App. 3d at 976-77, 726 N.E.2d at 179.

¶ 30    Defendants argue that the evidence presented at trial showed plaintiff's misconduct and, as to count I, plaintiff caused unnecessary delay and/or a needless increase in the cost of litigation. Defendants rely on the following to support this proposition: (1) plaintiff testified she was present when the inspection took place and noticed the watermark, (2) defendants never received the inspection report, (3) plaintiff assumed the roof was fixed despite the visible

watermark during the final walk-through, (4) plaintiff did not follow up with the repairs or seek advice from a qualified roofer, (5) plaintiff did not repair the roof until five months after she discovered it was still leaking, and (6) plaintiff could have learned the condition of the roof by exercising ordinary prudence. In response, plaintiff asserts that defendants failed to establish knowing misconduct and her claims were not meritless, as she prevailed on count III.

¶ 31 We find the record devoid of any indication that plaintiff engaged in knowing misconduct. Even though plaintiff noticed the watermark at the time of the inspection and at the final walk-through, it is not indicative of whether *defendants* had actual knowledge that there was a leak and, therefore, failed to properly disclose items on the disclosure form. To make this determination, it was necessary for the parties to engage in discovery. If the watermark was visible, plaintiff would have a reasonable belief that defendants knew there was a roof leak and failed to disclose it. It does not matter that plaintiff was put on actual notice of the watermark by her own observation, as the only issue for count I was whether defendants were aware of the leak when they completed the disclosure form. As a result, the trial court did not abuse its discretion when it denied defendants' request for attorney fees under the Act.

¶ 32 III. CONCLUSION

¶ 33 For the foregoing reasons, we affirm the trial court's judgment.

¶ 34 Affirmed.