2021 IL App (1st) 191836-U

No. 1-19-1836

Order filed March 31, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MICHAEL R. WILSON, SHAWN E. MONTELL-WILSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Cook County. |
| | ) | |
| v. | ) | 19 M5 002536 |
| | ) | |
| DONNA M. MANDELL, | ) | Honorable |
| | ) | Kathleen M. Burke, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Gordon and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *HELD*: The trial court's ruling granting judgment for defendant is affirmed.

¶ 2    On March 7, 2019, plaintiffs-appellants Michael R. Wilson and Shawn E. Montell-Wilson purchased real property located at 325 E. Logan St. Lemont, Illinois from defendant-appellee Donna M. Mandell for $182,500. Pursuant to the sales contract, the purchase price was paid in cash and the property was sold "As Is." Subsequent to the sale, plaintiffs filed suit claiming that defendant committed fraud and engaged in willful and wanton conduct.

¶ 3    On August 29, 2019, following a bench trial, the trial court entered judgment for defendant.

Plaintiffs appeal from that judgment.[1] We affirm due to the inadequate record on appeal. [2]

¶ 4                                                I. BACKGROUND

¶ 5      On January 13, 2019, defendant's real estate agent, Daniel Nierman, notified defendant that he had received an offer from plaintiffs to purchase her real property located at 325 E. Logan St., in Lemont, Illinois, for $125,000 in cash. The property consisted of a single-family home situated on a lot of approximately 7500 feet. Nierman advised defendant that the offer was "a bit low," and that plaintiffs were more interested in the land than the home.

¶ 6      On January 26, 2019, plaintiffs' realtor, Gina Montalto, contacted Nierman and informed him that plaintiffs were interested in purchasing the property and had submitted a new offer of $150,000 in cash. Montalto informed Nierman that an inspection of the property conducted on January 22, 2019, revealed that "the foundation was broken on the west side, the reinforcements that have been done do not meet building code and as a result, the home is not level." Montalto suggested that Nierman contact defendant to see if there was any flexibility in the purchase price.

¶ 7      On February 21, 2019, Montalto contacted Nierman and asked if defendant would accept an offer of $180,000 "Cash/no inspection required." On February 24, 2019, plaintiffs signed a real estate contract agreeing to purchase the property for $182,500 in cash, in "As Is" condition. On that same date, defendant provided plaintiffs with a Residential Real Property Disclosure Report (Disclosure Report) (765 ILCS 77/35 (West 2014)), indicating that she was not aware of any material defects on the property.

¶ 8      On March 1, 2019, Attorney Laura L. Clukey, who represented plaintiffs in their purchase of the property, sent an email to defendant's attorney, Frank L. Vosholler, stating that plaintiffs

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

[2] Plaintiffs-appellants failed to supply a transcript or bystander's report. The following background facts are taken from the pleadings, court orders, written correspondence and documents submitted to the trial court.

"do not raise any inspection defects." The email requested that the contract be modified to include a provision providing that: "Seller represents that the property does not contain any asbestos."

¶ 9    On March 4, 2019, Vosholler sent Clukey a response letter referring her to line No. 15 of defendant's Disclosure Report where defendant checked the box "No" for whether she was "aware of unsafe concentrations of or unsafe conditions relating to asbestos on the premises." The purchase and sale of the property closed on March 7, 2019.

¶ 10    On March 22, 2019, Clukey sent Vosholler an email stating that plaintiffs had been advised that the siding defendant installed on the property contained asbestos. The email asserted that defendant knew the siding contained asbestos and accused her of intentionally committing fraud in not disclosing this to plaintiffs. The email stated that plaintiffs had incurred significant damages due to defendant's actions, demanded reimbursement in the amount of $10,000, and threatened to file suit in the matter unless the sum was remitted within seven business days.

¶ 11    In a letter dated March 25, 2019, Vosholler responded that defendant had no knowledge of any asbestos and that plaintiffs had a duty to inspect the property for asbestos, which they failed to do. Vosholler pointed out that plaintiffs were obviously concerned about the presence of asbestos because prior to closing plaintiffs sought to modify the contract due to this concern. Vosholler reiterated that defendant had no knowledge of asbestos as indicated on line No. 15 of her Disclosure Report. On March 27, 2019, Clukey sent Vosholler an email stating that defendant had advertised "new siding" on the multiple listing service website; that defendant had used "new siding" in the negotiations to increase the sales price; and that defendant knew the siding was not "new" as she claimed. Clukey pointed out that "new" siding (since 1973) does not contain asbestos.

¶ 12    On April 4, 2019, plaintiffs filed a *pro se* complaint against defendant, and on July 29, 2019, filed a *pro se* first amended complaint seeking damages for violation of the Illinois

3

Residential Real Property Disclosure Act (Disclosure Act) (765 ILCS 77/1 *et seq.* (West 2014)), common-law fraud, and willful and wanton conduct arising from their purchase of the property. In her memorandum in her motion to dismiss, defendant argued that every offer that plaintiffs made to purchase the property included the words "Cash/no inspection required." Defendant also asserted that plaintiffs failed to conduct a final home inspection or a walk through prior to closing.

¶ 13    The circuit court requested, and the parties did, participate in mediation with a court-appointed mediator, which was unsuccessful. On August 29, 2019, following a bench trial, the trial court entered judgment for defendant. Plaintiffs appeal from that judgment.

¶ 14                                II. ANALYSIS

¶ 15    At issue are two answers defendant gave on her Disclosure Report. First, she indicated that she was unaware of asbestos on the siding of the home. Next, she indicated she was unaware of cracks in the foundation at the time she completed the report. Plaintiffs contend that defendant was aware of these defects and that she violated the Disclosure Act by failing to disclose that she was aware of these material defects in her Disclosure Report, or in a supplement to the report. Defendant disputes these contentions and maintains that she made no material misrepresentations on her Disclosure Report. Defendant further claims that she had no knowledge of asbestos or other material defects located anywhere on the property.

¶ 16                            A. Standards of Review

¶ 17    The instant appeal involves two standards of review. To the extent this case requires us to interpret the Disclosure Act, which presents a question of law, our review is *de novo*. See, *e.g., Hemminger v. Nehring*, 399 Ill. App. 3d 1118, 1123 (2010) (questions involving the construction of statutes are questions of law reviewable *de novo*). In interpreting a statute, the primary goal is to ascertain and give effect to the intention of the legislature. *Sylvester v. Industrial Commission*,

4

197 Ill. 2d 225, 232 (2001). "We determine this intent by reading the statute as a whole and considering all relevant parts." *Id.*

¶ 18    In contrast, whether defendant knew there was asbestos in the siding of the property, or cracks in the foundation of the property at the time she completed her Disclosure Report are questions of fact to be determined by the trial court. See, *e.g.*, *Curtis Investment Firm, Ltd. Partnership v. Schuch*, 321 Ill. App. 3d 197, 201 (2001) (whether sellers knew that water supply line to residence was leaking prior to closing was a question of fact to be determined by the trial court). When reviewing questions of fact, we defer to the trial court's findings unless they are against the manifest weight of the evidence. *Id.* A judgment is against the manifest weight of the evidence only when the opposite conclusion is apparent or when the findings appear to be unreasonable, arbitrary, or not based upon the evidence. *Dargis v. Paradise Park, Inc.*, 354 Ill. App. 3d 171, 177 (2004).

¶ 19                          B. Inadequate Record on Appeal

¶ 20    At the outset, we find that our review of plaintiffs' claims is fatally hampered by the fact that we have no transcript or bystander's report of any of the proceedings from the trial court below. Plaintiffs have proceeded *pro se* on this appeal. This court is mindful of the difficulties some *pro se* litigants may encounter in complying with Illinois Supreme Court Rules. However, all appellants, including *pro se* appellants, are required to provide this court with an adequate record to permit meaningful review of the issues raised on appeal. *Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993) (*pro se* appellants must meet minimum threshold in providing reviewing court with adequate record to review issues raised on appeal). In the absence of an adequate record on appeal, it is presumed that the trial court's judgment conformed with the law

5

and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts arising from an incomplete record will be resolved against the appellant. *Id*.

¶ 21    Pursuant to Illinois Supreme Court 323 (eff. July 1, 2017), in lieu of a circuit court transcript, an appellant may file a bystander's report (Rule 323(c)), or an agreed statement of facts (Rule 323(d)). Plaintiffs have filed neither. The record before this court consists of common law documents. However, these documents alone are insufficient to allow this court to find any error by the trial court.

¶ 22    In this bench trial, the trial court based its decision on the evidence presented at trial and on its reading of the documents submitted by the parties. However, without the benefit of a transcript or report of the trial court proceedings, this court cannot ascertain specifically what documents or evidence was presented, nor do we know what the court's findings were on the evidence. Moreover, this court cannot discern if there was any additional reasoning or rationale that provided the basis for the trial court's ruling. Under these circumstances, this court must presume that the circuit court acted in conformity with the law and ruled properly after considering the presented evidence and legal arguments. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005); *Foutch*, 99 Ill. 2d at 391-92.

¶ 23                                              III. Conclusion

¶ 24    Plaintiffs' failure to provide a transcript or report of the trial court proceedings and evidence presented at trial makes it impossible for this court to review the evidence to determine whether the trial court's judgment was against the manifest of the evidence. Accordingly, in light of the inadequate record on appeal, we affirm the trial court's ruling granting judgment for defendant.

¶ 25    Affirmed.